## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEFFERY TODD HENSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-1184 |
| | ) | |
| DR. JAMARCO CLARK and | ) | |
| DR. JANTZEN EDDINGTON, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9). For the following reasons, Defendants' Motion is granted.

### I.      BACKGROUND

*Pro se* Plaintiff Jeffery Todd Henson, Sr., sought higher education at the University of Illinois Springfield ("UIS" or the "University"). He was denied admission based on his convictions for non-violent, white-collar felonies for which he was on supervised release. (Doc. 1 at ¶ 6; Doc. 1-2 at 22). According to Henson, UIS promised him an individualized risk assessment and "at a minimum, he would be allowed to attend remotely if there were concerns about on-campus attendance." (Doc. 1 at ¶ 8). He also alleges he was not advised of his right to appeal the denial of admission according to UIS's Criminal Disclosure Policy. (*Id.* at ¶ 10).

Henson appealed the denial of his admission but alleges he encountered the following difficulty: 1) UIS did not grant Henson a second extension of his appeal deadline while he awaited to receive the FOIA-requested materials on alleged disparate treatment; 2) Henson was unable to confirm UIS's receipt of his supplemental appeal materials; and 3) Henson's request for a meeting with the admissions team was ignored. (Doc. 1 at ¶¶ 13–16). UIS informed Henson that a second extension would not be granted on the FOIA basis because "the appeal committee bases its decision on [an applicant's] individual circumstances." (Doc. 1-2 at 8).

UIS rejected his appeal and upheld its decision denying Henson admission to the University. (Doc. 1-2 at 22). UIS explained in a letter to Henson, "Due to the severity of the crime, even though it was nonviolent, the committee determined that denying your admission is in the best interest of the security and safety of the university community." (*Id.*). The letter described UIS's failure to include appeal information in their initial denial notification as a "minor procedural error" remedied by UIS "providing an extension of time to submit [Henson's] appeal materials." (*Id.*). The letter continued, "[UIS] encourages you to consider reapplying for admission in the future upon the successful completion of your supervised probation and demonstrated progress toward rehabilitation." (*Id.*). Henson filed this action against Dr. Jamarco Clark—the Vice Chancellor for Student Affairs at UIS—and Dr. Jantzen Eddington—the Dean of Students at UIS—in their individual and official capacities. Henson asks this Court to remedy violations of his procedural due process rights under 42 U.S.C. § 1983 by ordering UIS to

reconsider his application "under the standards UIS itself established" in a "non-discriminatory, transparent manner with full consideration of [Henson's] supplemental materials." (Doc. 11 at 2; Doc. 1 at 6).

## II.    DISCUSSION[1]

Defendants move to dismiss Henson's procedural due process claim for lack of subject matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6).

Defendants contend sovereign immunity bars the action because the Eleventh Amendment immunizes nonconsenting States from suit by private parties in federal court. *Franchise Tax Bd. v. Hyatt*, 587 U.S. 230, 237–38 (2019). That so-called "sovereign immunity" only passes down from the State to immunize a state employee from suit when the employee is sued in his capacity as an actor *of the state* (*i.e.*, in his "official capacity"). *Gerlach v. Rokita*, 95 F.4th 493, 498–99 (7th Cir. 2024) (citing *Lewis v. Clarke*, 581 U.S. 155, 162 (2017)). That's because "[t]he real party in interest is the government entity, not the named official." *Lewis*, 581 U.S. at 162. A state employee sued in his "individual capacity," on the other hand, does not enjoy the same protection because the employee *himself* is the party in interest. *Id.* at 162, 166.

The Supreme Court has made clear that the distinction between capacities is not "a mere pleading device." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also*

---

[1] Henson's Complaint included claims under Title VI of the 1964 Civil Rights Act (42 U.S.C. §§ 2000d *et seq.*) and the Illinois Human Rights Act (775 ILCS 5/1-101 *et seq.*). Those claims were expressly and voluntarily withdrawn by Henson in his response to the Motion to Dismiss and, as a result, are dismissed without prejudice. (Doc. 11). His prayer for relief also included a request generally for damages among other specified relief. As for Henson's remaining claim—a procedural due process claim under 42 U.S.C. § 1983— he now requests only the injunctive relief described above. (*Id.* at 2, 5).

*Lewis*, 581 U.S. at 161–63. Rather than "rely on the characterization of the parties in the complaint," a district court must determine "whether the remedy sought is truly against the sovereign" instead of the individual state employee the complaint was pleaded against. *Lewis*, 581 U.S. at 162. Courts ask whether the remedy "would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984)).

### A. "Individual-Capacity" Claims

Henson's claims against Defendants in their individual capacities are barred. At this point, Henson's sole request for relief is an injunction compelling UIS—an "alter ego" of the State of Illinois—to reconsider his application for admission into the University. *Malhotra v. Univ. of Ill. at Urbana-Champaign*, 77 F.4th 532, 535–36 (7th Cir. 2023) (collecting cases on "alter ego"). More importantly, Henson describes the actions giving rise to his injury as taken by UIS rather than the named individual defendants. His admission was denied after consideration by the "Review Committee" and the "Admissions Appeals Committee" of UIS. (Doc. 1-2 at 1, 22). Because Henson seeks to compel UIS to act, his individual capacity claims are "truly against the sovereign"—the State of Illinois—and are barred by the Eleventh Amendment.[2] *Lewis*, 581 U.S. at 162 (quoted language); *Luder*, 253 F.3d at 1023.

---

[2] A suit for damages or declaratory relief against the named individual defendants would fare no better. The former would be similarly barred on sovereign immunity grounds as it would be "truly against the

## B. "Official-Capacity" Claims

While claims for injunctive relief against state employees in their official capacities are typically barred on sovereign immunity grounds, *Ex parte Young* provides an exception that strips the employee of his protective "official or representative character" of the State. *Malhotra*, 77 F.4th at 536; *Ex parte Young*, 209 U.S. 123, 160 (1908) (quoted language). The *Ex parte Young* doctrine allows a plaintiff seeking prospective relief to sue a state official to prevent ongoing violations of federal law. 209 U.S. at 159–60. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002) (cleaned up).

Henson's choice of relief is prospective. He asks this Court to compel UIS to reconsider his application for admission "under proper procedures." (Doc. 11 at 4). *Cf. Sonnleitner v. York*, 304 F.3d 704, 718 (7th Cir. 2002) ("[A] request for reinstatement to a supervisory position can certainly be characterized as prospective relief[.]").

But "[t]he more challenging aspect of *Ex parte Young* analysis is the proviso that the suit must seek relief against an 'ongoing' violation of federal law." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 522 (7th Cir. 2021). The violation must be "continuing" — *Ex parte Young* doctrine fails when "federal law has been violated [only]

---

sovereign" for the reasons discussed. *Lewis*, 581 U.S. at 162. And "declaratory relief should not be awarded where the eleventh amendment bars an award of monetary or injunctive relief; otherwise the declaratory relief would operate as a means of avoiding the amendment's bar." *Council 31 of the Am. Fed'n of State, County & Mun. Emps. v. Quinn*, 680 F.3d 875, 884 (7th Cir. 2012) (cleaned up).

at one time or over a period of time in the past." *Id.* (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986)). The appropriate inquiry here is whether Henson's *allegation* that he was denied "fair notice and [an] opportunity to be heard in the appeal process for denial of admission," presents a *continuing and ongoing* violation of procedural due process. *Cf. Sonnleitner*, 304 F.3d at 718 ("[T]he violation was not the demotion as such, but, instead, the fact that the demotion occurred without an adequate opportunity to be heard[.]"); *see also Verizon Md. Inc. v. PSC*, 535 U.S. 635, 646 (2002) (*Ex parte Young* inquiry "does not include an analysis of the merits of the claim").

*Sonnleitner v. York* informs the inquiry. 304 F.3d 704 (7th Cir. 2002). In that case, Sonnleitner charged procedural due process violations against defendants in their official capacities, claiming he was improperly demoted from his employment position without first being provided with a predisciplinary hearing. *Id.* at 706, 718. He sought an injunction that would mandate his reinstatement to the position which the Court characterized as prospective relief for the *Ex parte Young* inquiry. *Id.* at 717–18. In determining whether Sonnleitner alleged an ongoing violation of federal law, the Court relied on the fact that he was later given a postdeprivation hearing which provided "an opportunity to tell his side of the story." *Id.* at 718. "After the postdeprivation hearing, the alleged error in the predeprivation process could not be characterized as 'ongoing'" because the hearing cured any continuing absence of process to Sonnleitner. *Driftless*, 16 F.4th at 524 (summarizing *Sonnleitner*).

Henson does not allege any continuing and ongoing violation of federal law. While Henson claims he faced procedural difficulties in furnishing his appeal, he was granted an extension of time that ultimately afforded him with full appellate review, curing any alleged defects in process. *Cf. Sonnleitner*, 304 F.3d at 718. Henson believes he did not have a full opportunity to be heard because he was unable to supplement his appeal with FOIA-request materials that he claims would have shown UIS has admitted others similarly situated to him. (Doc. 1 at ¶ 16). But those materials bear no weight on the University's admission decisions. (Doc. 1-2 at 8) ("[T]he appeal committee bases its decision on your individual circumstances."). Because there is no ongoing violation of law any prospective relief could remedy, the *Ex parte Young* exception to sovereign immunity does not apply to Henson's claims against Defendants in their official capacities. And, as discussed below, even assuming *Ex parte Young* is met, Henson does not allege any constitutional property interest in support of his due process claims.

### C. Failure to State a Claim

A motion to dismiss made under Rule 12(b)(6) challenges only the sufficiency of the complaint. *Ashcroft*, 556 U.S. at 678. A court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true with all reasonable inferences in the plaintiff's favor. *Id.* If the complaint "state[s] a claim to relief that is plausible on its face," one "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the plaintiff survives the motion to dismiss. *Id.* (quotation omitted). "Plausibility" is not "possibility" — a plaintiff must plead

facts that are more than just "merely consistent with a defendant's liability." *Id.* (quotation omitted). Complaints filed *pro se* are "liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The complaint alleges a procedural due process claim under 42 U.S.C. § 1983, which provides harmed plaintiffs a cause of action to redress violations of constitutional rights committed by a "person" acting under color of state law. "Because official-capacity actions for prospective relief are not treated as actions against the State," those state employees are "persons" under § 1983 and amenable to suit. *Will*, 491 U.S. at 71 n.10 (quotation omitted). "The Fourteenth Amendment prevents a state from depriving a person of 'property' or 'liberty' without due process of law." *Malhotra*, 77 F.4th at 536 (citing U.S. Const. amend. XIV, § 1).

For his § 1983 claim against either defendant to proceed, Henson must first plausibly allege a deprivation of a protected property or liberty interest. *Id.* Henson alleges a constitutional property interest in a fair and individualized admission evaluation by UIS according to its adopted policies. Generally, constitutionally protected property interests are interests for which the plaintiff has "a legitimate claim of entitlement" and "more than a unilateral expectation." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). The best way to think about the existence of a constitutionally protected

interest is by asking whether the plaintiff has "an enforceable right" to what he was deprived of. *Williams v. Wendler*, 530 F.3d 584, 590 (7th Cir. 2008) (emphasis omitted).

The Seventh Circuit has explicitly held that "attending a university does not automatically create a constitutional property right" because, unlike with grade school education, the law does not entitle to each person the right to receive an education at a public university. *Malhotra*, 77 F.4th at 537 (citations omitted); *see also Williams*, 530 F.3d at 589 (stating because every "student who was not admitted would have a right to a hearing on why he was not admitted; but also because the Supreme Court requires more"). A plaintiff "must not only allege the existence of an express or implied contract, but he must also establish that the contract entitled him to the specific right that the university allegedly took." *Id.* (internal quotation marks omitted). To be clear, "the student's complaint must be specific about the source of this express or implied contract, the exact promises the university made to the student, and the promises the student made in return." *Id.* (quotation omitted) (cleaned up).

Henson contends he "was promised an individualized review under UIS's written policy, thereby creating a protected expectation" (or a contractual, enforceable right). (Doc. 11 at 5). But courts are clear that "a plaintiff does not have a federal constitutional right to state-mandated process." *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 773–74 (7th Cir. 2013) ("It may have been unfair for the university not to follow its own procedures in [plaintiff]'s case, but it was not unconstitutional."); *see also Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983) ("Process is not an end in itself. . . . The State may

choose to require procedures . . . but in making that choice the State does not create an independent substantive right."); *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012) ("[Plaintiff]'s interest in contractually-guaranteed university process is not protected by the federal Constitution.").

Henson is not automatically entitled to university process. *Park*, 692 F.3d at 832; *Williams*, 530 F.3d at 590 (showing of mere "entitlement to fair procedure" insufficient "as that would dissolve the requirement of showing a deprivation of life, liberty, or property as a precondition to complaining about a denial of due process"). Henson failed to allege the existence of any express or implied contract arising from the University's Criminal Disclosure Policy, or elsewhere, that would supply him an enforceable right to a so-called "fair" and "individualized" appellate review. *Malhotra*, 77 F.4th at 537 (affirming dismissal of complaint for plaintiff's failure to identify source of contractual right or specific promise made between him and University). As a result, he has failed to state a procedural due process claim and his complaint must be dismissed.

### D. Henson's Objection to Magistrate's Denial of Motion to Recuse

As a final matter, Henson previously moved for the recusal of the Magistrate Judge based on him having presided over a criminal case brought against Henson.[3] (Doc. 12). Although Henson argued recusal was necessary because the Magistrate's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), Judge Long properly denied the motion, finding no exceptional circumstances exist that would require recusal.

---

[3] *United States v. Henson*, No. 20-cr-20049 (C.D. Ill.).

(9/23/2025 Text Order). Henson objected to the order but as observed by Judge Long, "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Henson's objection is denied. (Doc. 13).

## III.    CONCLUSION

Based on the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 9) is GRANTED. Plaintiff's Rule 72(a) Objection to the Magistrate Judge's Order Denying Recusal (Doc. 13) is DENIED. Plaintiff's Motion for Status and Request for Ruling (Doc. 15) is DENIED as moot. Plaintiff is granted leave to file an amended complaint within 21 days from the entry of this Order. Failure to do so within 21 days may result in dismissal of the case with prejudice.

ENTER: 3/13/2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE